United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eliezer Taveras, Plaintiff,<br><br>v.<br><br>U.S. Bank National Association and others, Defendants. | Civil Action No. 22-21134-Civ-Scola |

### **<u>Order Dismissing Case</u>**

This case is before the Court upon an independent review. Plaintiff Eliezer Taveras, proceeding pro se, seeks to invalidate a negotiated settlement of a state-court, residential-foreclosure action filed in the Circuit Court of Miami-Dade County. Based on that settlement, the state court entered a consent final judgment of foreclosure, in 2018, and conducted a judicial sale of the property at issue, a few months later, in January 2019. Taveras has been litigating that judgement and sale, continuously, ever since. This case, properly here upon removal based on federal-question jurisdiction,[1] represents Taveras's third attempt, in this Court alone, to do so: both prior attempts have failed. Because this case involves the same parties and arises from the same nucleus of operative facts as the first two cases, the Court **dismisses** it, **with prejudice**, for improper claims splitting.

"[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). This concept, referred to as claim-splitting, "is an offshoot of res judicata that is concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *O'Connor v. Warden, Florida State Prison*, 754 F. App'x 940, 941 (11th Cir. 2019) (cleaned up). The doctrine serves "to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021). In evaluating whether a case is duplicative of

---

[1] The Court has original jurisdiction over this civil action as provided for by 28 U.S.C. § 1331; and it has been properly removed to this Court by the Defendants under 28 U.S.C. § 1441(c). The allegations set forth in the complaint render this action a civil action "arising under the Constitution, laws or treaties of the United States," as Taveras alleges that the Defendants violated 18 U.S.C. § 1962, among other federal statutes. Taveras's motion to remand (ECF No. 12), as well as his motion for contempt (ECF No. 11), based on the removal, are, therefore, both wholly meritless. The Court, thus, **denies** both motions (**ECF Nos. 11, 12**.)

another, a court must find "(1) mutuality of the parties and their privies, and; (2) whether separate cases arise from the same transaction or series of transactions." *O'Connor*, 754 F. App'x at 941 (cleaned up). To determine whether "successive causes of action arise from the same transaction or series of transactions," a court looks at whether "the two actions are based on the same nucleus of operative facts." *Vanover*, 857 F.3d at 842.

Both elements are readily met here. First, this case arises out of the exact same set of facts as Taveras's previous two cases: *Taveras v. Ocwen Loan Servicing, LLC*, Case No. 19-cv-2335-BB, Compl., ECF No. 1 (S.D. Fla. Aug. 12, 2019) (Bloom, J.) (dismissed based on res judicata and failure to state a claim) and *Taveras v. Ocwen Loan Services, Inc.*, Case No. 1:21-cv-20660-RNS, Compl., ECF No. 1 (S.D. Fla. Feb. 17, 2021) (Scola, Jr., J.) (dismissed as barred by the *Rooker-Feldman* doctrine). In all three cases, Taveras attempts to avoid the consent final judgment, entered in state court, by claiming that, among other things, the state court lacked jurisdiction, that the assignment of mortgage in favor of U.S. Bank was fraudulent, and that U.S. Bank and Ocwen had, together, deceived him in order to obtain the consent final judgment. Any variation in Taveras's claims in this case cannot defeat the Court's conclusion that, regardless, at bottom, this case is still based on the same nucleus of operative facts. To be sure, Taveras himself explicitly acknowledges that his previous case "related to the same property and same set of facts, [and] was also an attempt to avoid the Foreclosure Judgment." (Pl.'s Mot., ECF No. 11, 5.)

Second, there can be no dispute that there is a mutuality of parties and their privies as to the litigants in this case and Taveras's other two cases: Taveras is a plaintiff and U.S. Bank, or its privies, and Ocwen are defendants in all three.

Accordingly, in exercising its discretion to do so, the Court **dismisses** Taveras's case, **with prejudice**. *Vanover*, 857 F.3d at 837, 842–43 (affirming district court's dismissal of case, with prejudice, for claim splitting). The Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on May 6, 2022.

_____
Robert N. Scola, Jr.
United States District Judge