United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eliezer Taveras, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-21134-Civ-Scola |
| | ) |
| U.S. Bank National Association and others, Defendants. | ) |

### Order Denying Motion for Reconsideration

    Previously, the Court reviewed pro se Plaintiff Eliezer Taveras's case upon an independent review. Based on that review, the Court dismissed Taveras's case, with prejudice, for improper claims splitting. (Order, ECF No. 22.) Taveras now asks the Court to reconsider its order, arguing the Court lacks jurisdiction over this action and, therefore, should remand it back to state court. (Pl.'s Mot., ECF No. 23.) After review, the Court **denies** the motion (**ECF No. 23**).

    "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted. Here, reconsideration is decidedly not warranted.

    Taveras begins his brief with a lengthy recap of the state foreclosure litigation involving his family home and his efforts to avoid the judgment of foreclosure that resulted. He then complains, as he has throughout this

litigation, that the Defendants improperly removed his case from state court and that the Court lacks jurisdiction to hear it. Or, he says, at a minimum, the Court should have dismissed only his federal claims and then remanded his state claims. (*E.g.*, Pl.'s Mot. at 15.) To be clear, in dismissing Taveras's case, the Court properly exercised original jurisdiction over Taveras's federal claims and supplemental jurisdiction over his remaining state-law claims as provided for by 28 U.S.C. § 1367. While perhaps the Court could have exercised its discretion not to exercise supplemental jurisdiction over the state-law claims, it chose not to; and Taveras has not presented any reason why it should have. Accordingly, Taveras's suggestion is wholly meritless. Ultimately, except for disagreeing with the Court's analysis, in its order dismissing his case, and rehashing arguments he has already made, Taveras fails to set forth any basis that would justify the Court's revisiting its decision. Consequently, the Court **denies** his motion for reconsideration (**ECF No. 23**).

    **Done and ordered**, at Miami, Florida, on June 1, 2022.

                                              Robert N. Scola, Jr.
                                              United States District Judge